```
        IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF KANSAS
```

**GREGORY KEITH HUNT,**

                **Petitioner,**

     v.                           **CASE NO. 05-3479-RDR**

**D. TERRELL, et al.,**

                **Respondents.**

## <u>O R D E R</u>

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241, filed pro se by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN). Also before the court is petitioner's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Petitioner states he is serving a 60 month sentence imposed by the United States District Court for the Western District of Missouri. Instead of being placed in a federal facility offering mental health treatment, as he contends the sentencing court recommended, petitioner complains he was sent to USPLVN where he is subjected to cold cell treatments. Petitioner claims he continues to be prone to rages and suicidal conduct, and seeks the discharge of his sentence or a transfer to a Bureau of Prisons' medical facility.

Although petitioner attempts to characterize his claims as affecting the "execution of his sentence," relief on his allegations of constitutional deprivation concerning the conditions of his confinement, including the alleged denial of

necessary medical care, must be pursed under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). A $250.00 district court filing fee is required for such an action, and petitioner's motion for leave to proceed in forma pauperis is subject to the "3-strike" provision in 28 U.S.C. § 1915(g).[1] Court records clearly establish that this "3-strike" provision applies to petitioner.[2]

Accordingly, the court directs petitioner to show cause why this action should not be construed by the court as a <u>Bivens</u> action, why petitioner's motion for leave to proceed in forma pauperis should not be denied pursuant to 28 U.S.C. § 1915(g), and why this matter should not be dismissed if petitioner fails to pay the $250.00 district court filing fee. The failure to file a timely response may result in this action being dismissed without prejudice for the reasons cited herein, and without further prior notice to petitioner.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be construed as a <u>Bivens</u> action, to show cause why petitioner's motion for leave to proceed in forma pauperis should not be denied pursuant

---

[1] 28 U.S.C. § 1915(g) prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[2] *See e.g.*, <u>Hunt v. Ashcroft</u>, Case 04-0120-CV-W-ODS-P (W.D.Mo. , Order dated 2-17-04)(denying plaintiff leave to proceed in forma pauperis and dismissing case without prejudice pursuant to 28 U.S.C. § 1915(g)).

to 28 U.S.C. § 1915(g), and to pay the $250.00 district court fee required to file a <u>Bivens</u> complaint.

    DATED:  This 10th day of January 2006, at Topeka, Kansas.


                            <u>s/ Richard D. Rogers</u>
                            RICHARD D. ROGERS
                            United States District Judge