IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


GREGORY KEITH HUNT,

                              Petitioner,

              v.                              CASE NO. 05-3479-RDR

D. TERRELL, et al.,

                              Respondents.


                          O R D E R

     Petitioner, a prisoner incarcerated in the United States
Penitentiary in Leavenworth, Kansas (USPLVN), proceeds pro se on a
petition for writ of habeas corpus under 28 U.S.C. § 2241, and seeks
leave to proceed in forma pauperis under 28 U.S.C. § 1915.

     By an order dated January 10, 2006, the court directed
petitioner to show cause why this action should not be construed as
seeking relief under Bivens v. Six Unknown Named Agents of Federal
Bureau of Narcotics, 403 U.S. 388 (1971), for alleged constitutional
error in the conditions of petitioner's confinement, and why
petitioner's motion for leave to proceed without prepayment of the
$250.00 district court filing fee should not be denied pursuant to
the 3-strike provision in 28 U.S.C. § 1915(g).

     In response, petitioner makes clear that he is in fact
challenging the conditions of his confinement at USPLVN which he
claims are horrible, including broad claims that adequate and proper
medical and dental care are denied. Petitioner also reasserts his
claim that the Bureau of Prisons (BOP) did not place him in a
medical facility for petitioner's mental health needs, as

recommended by the sentencing court.

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner confined "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It is not appropriate for petitioner to use § 2241 to challenge the conditions of his prison confinement. *See* <u>McIntosh v. United States Parole Commission</u>, 115 F.3d 809, 811 (10th Cir. 1997)(§ 2241 can be used to challenge only conditions of confinement that affect the fact or duration of confinement). To challenge other conditions of confinement, a federal prisoner must seek relief for alleged constitutional violations by proceeding in a complaint filed under <u>Bivens</u>. *See e.g.* <u>United States v. Sisneros</u>, 599 F.2d 946, 947 (10th Cir. 1979)(medical treatment claim is not cognizable in a federal habeas proceeding). "Though the Supreme Court has not set the precise boundaries of habeas actions, it has distinguished between habeas actions and those challenging conditions of confinement under [<u>Bivens</u>]. We have endorsed this distinction and have recognized that federal claims challenging the conditions of his confinement generally do not arise under § 2241." <u>Rael v. Williams</u>, 223 F.3d 1153, 1154 (10th Cir. 2000)(citations omitted), *cert. denied*, 531 U.S. 1083 (2001).

In the present case, BOP's noncompliance with the sentencing court's recommendation for petitioner's placement in a facility offering mental health treatment does not entitle petitioner to any relief under § 2241, *see* <u>United States v. Williams</u>, 65 F.3d 301, 307 (2nd Cir. 1995), and the court finds petitioner's remaining claims are appropriate for review in a <u>Bivens</u> action rather than in habeas. Accordingly, to the extent petitioner seeks discharge from

confinement,[1] the court finds nothing in petitioner's allegations warranting such relief under 28 U.S.C. § 2241. Because petitioner insists that he is seeking habeas corpus relief on his claims, the court grants petitioner leave to proceed in forma pauperis in this habeas action and denies all relief.

IT IS THEREFORE ORDERED that petitioner is granted leave to proceed in forma pauperis in this action filed under 28 U.S.C. § 2241, and that the petition is dismissed and all relief is denied.

IT IS FURTHER ORDERED that petitioner's motion and/or mandamus petition for a show cause order to issue to respondents (Doc. 5) is denied as moot.

DATED: This 8th day of June 2006, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

---

[1]To the extent petitioner seeks a transfer to another correctional facility, or other relief based on alleged constitutional deprivation in the conditions of his confinement, a Bivens complaint and compliance with 28 U.S.C. § 1915(g) will be required.

3